■ In the Matter of VICTOR M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, Bronx County, entered October 3, 1977, adjudicating appellant a juvenile delinquent and placing him on probation for one year, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed. Appellant, 10 years old, was standing outside the complainant's parked automobile, for perhaps two or three minutes, when suddenly his 12-year-old corespondent, who was standing close by, reached in through an open window and seized a pocketbook, which had been lying alongside complainant on the front seat. The corespondent ran a few steps, heaved the bag over a nearby fence enclosing the New York Botanical Garden, and then scaled the fence. Appellant followed him over the fence and together they ran into the park. The two were apprehended about one-half mile away, with the corespondent in possession of the pocketbook. None of its contents had been removed. At the conclusion of the fact-finding hearing, appellant was found guilty of acts, which, if committed by an adult, would constitute the crime of criminal possession of stolen property in the third degree. (Penal Law, § 165.40.) A charge of grand larceny in the third degree (Penal Law, § 155.30) arising out of the same incident, was dismissed. The corespondent was found to have committed acts constituting both grand larceny and criminal possession of stolen property. In our view, the evidence was insufficient to prove appellant's accessorial conduct in the criminal possession of the pocketbook beyond a reasonable doubt. Although this 10 year old may have acted with the knowledge that the pocketbook was stolen, it is an additional prerequisite to guilt that he intentionally had aided his corespondent in the conduct constituting the offense. (Penal Law, § 20.00.) We cannot conclude that appellant's actions in following the purse snatcher over the fence and running with him into the park evince, to the exclusion of every other reasonable hypothesis consistent with innocence, an intentional aiding in the commission of the crime. (See *People v Baldiseno,* 266 App Div 909.) Concur—Kupferman, J. P., Sandler, Sullivan, Lane and Bloom, JJ.

## (March 20, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ALLAWAY, Appellant.—Judgment, Supreme Court, Bronx County, rendered on April 26, 1977, unanimously affirmed. Appellant has been afforded ample time in which to file a supplemental brief, but has failed to avail himself of that opportunity. No opinion. Concur—Murphy, P. J., Birns, Fein, Sullivan and Lupiano, JJ.